# IN THE COURT OF APPEALS OF IOWA

No. 22-0754
Filed October 11, 2023

**CHARLES JONAS HASSELMANN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.

An applicant appeals the dismissal of his application for postconviction relief. **APPEAL DISMISSED.**

Allan M. Richards, Tama, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**GREER, Presiding Judge.**

Charles Hasselmann appeals the district court's dismissal of his application for postconviction relief (PCR).  Because Hasselmann's notice of appeal was filed thirty-one days after final judgment, and because he is not entitled to a delayed appeal, we dismiss this appeal for lack of jurisdiction.

Hasselmann pled guilty to third-degree theft, an aggravated misdemeanor, in violation of Iowa Code section 714.1 and 714.2(2) (2019) in August 2020.[1]  In July 2021, Hasselmann filed this PCR application, challenging that guilty plea based on equal protection grounds.  The State filed a motion to dismiss Hasselmann's PCR claim, and the PCR court issued its order granting the motion on March 28, 2022.[2]  Hasselmann filed his notice of appeal of that order on April 28, 2022, thirty-one days later.  Our rules require an appeal of a final order in PCR cases to be filed within thirty days of the filing of the final order.  Iowa Code § 822.9 (2022) (applying the same deadlines for PCR actions as for appeals from final judgments in criminal cases); Iowa R. App. 6.101(1)(b) (requiring notice of appeal to be filed within thirty days).  Thus, Hasselmann's notice of appeal was one day too late.  Hasselmann urges us to review the merits of the appeal anyway "based on fairness and justice."

---

[1] The underlying case was FECR331268.  Following Hasselmann's guilty plea, the district court sentenced Hasselmann to "2 years prison, concurrent to parole, suspended, $625 fine, 15% surcharge, court costs, restitution (TBD)."

[2] The PCR court reached this conclusion, largely, based on Hasselmann's failure to demonstrate that the State was treating "similarly situated persons differently." *See generally Shearon v. Iowa Bd. of Parole*, 872 N.W.2d 198 (Iowa Ct. App. 2015).

While Hasselmann's appeal was pending, our supreme court decided *Jones v. State*, 981 N.W.2d 141 (Iowa 2022). In *Jones*, the court held that delayed appeals are not allowed in PCR proceedings. 981 N.W.2d at 143, 145. The court further explained that "[o]ur rules require the notice of appeal to be filed within thirty days. That ends the inquiry. This deadline imposes a limit on the court's jurisdiction that we decline to extend . . . ." *Id.* at 147; *see also Wright v. State*, No. 22-0853, 2023 WL 3861921, at *2 (Iowa Ct. App. June 7, 2023) (applying *Jones* to a PCR action filed in May 2022). We are required to follow supreme court precedent. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."). Therefore, this court is without jurisdiction to entertain this untimely appeal, and the appeal is accordingly dismissed.

**APPEAL DISMISSED.**